IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**AUGUSTA MCKENZIE**                                                                                          **PLAINTIFF**

**v.**                                                                                       **No. 4:04CV383-M-B**

**JIMMY HERBRISON, ET AL.**                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Augusta McKenzie, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit. The plaintiff claims that he was wrongfully terminated from his prison job within the Mississippi Department of Corrections. He claims further that the Mississippi Department of Corrections gives white inmates preference for the best prison jobs with the highest pay, while leaving black inmates with either no prison job or the least preferable ones. The plaintiff alleges that, during the course of his various prison jobs, he experienced headaches from glue fumes and hurt his shoulder after accidentally falling through the ceiling insulation of a building. The plaintiff does not allege that he ever sought medical treatment for these problems. For the reasons set forth below, these claims shall be dismissed with prejudice for failure to state a claim upon which relief could be granted – and for failure to exhaust administrative remedies.

### Discussion

The plaintiff has neither alleged nor proved that he has exhausted administrative remedies; as such, all of his claims shall be dismissed for that reason. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). In addition, the instant complaint fails to

state a claim upon which relief could be granted, and the court shall dismiss if for that reason, as well.  First, inmates have no constitutional right to a given prison job.  *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978).  The assignment of a particular inmate to a particular job is a matter of prison administration which falls within the discretion of the prison officials.  *Gardner v. Johnson*, 429 F.Supp. 432 (E.D. Mich. 1977).  Further, the plaintiff's allegations of a headache and sore shoulder do not rise above the level of *de minimis* injury.  *Siglar v. Hightower*, 112 F.3d 191, 193(5th Cir. 1997).  As the plaintiff has alleged only *de minimis* injury, he cannot recover emotional damages under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(e), *Geiger v Jowers*, 2005 WL 639623 (5th Cir 2005).  Finally, even if the court were to characterize the plaintiff's injury as constitutionally significant, he has not alleged that he ever sought medical treatment, and also has not shown how the defendants' alleged prejudicial assignment of prison jobs caused his injuries.  For these reasons, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.  A final judgment consistent with this memorandum opinion shall issue today.

    **SO ORDERED,** this the 28th day of April, 2005.


                                                              /s/ Michael P. Mills
                                                 **UNITED STATES DISTRICT JUDGE**